[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REOPEN
This is a case where it appears to the undersigned that the plaintiff expects the judicial system to dance to her tune. However, this court is tone-deaf to her tune.
This case was returnable March 21, 1995. The pleadings were closed approximately a month later. At first blush, it would seem that this case was on a fast track, but such is not the case. The discovery process has languished to the present time without completion or resolution. The plaintiff has not completed her discovery thus preventing the defendant from completing its discovery. This situation necessitated the defendant to file five (5) motions for extension of time to respond to the plaintiffs discovery requests. Should this have been necessary?
Approximately 3 years after the defendant's discovery requests dated March 21, 1995, the defendant filed a motion for nonsuit (dated April 7, 1998), moving that the plaintiff be nonsuited for failure to fairly answer the defendant's discovery requests. This motion for nonsuit was granted by the undersigned on May 11, 1998.
Thereafter, the plaintiff filed a motion to reopen judgment CT Page 11937 and nonsuit dated June 1, 1998. A review of the motion to reopen indicates that it was procedurally defective in that it was not accompanied by a supporting affidavit. C.G.S. § 52-212; P.B.17-43. At short calendar on August 3, 1998, the motion to reopen was continued to September 14, 1998 to allow plaintiffs attorney to obtain certified answers to interrogatories and also to put together an affidavit in support of the motion to reopen. At the September 14, 1998 short calender defense counsel appeared, but the plaintiffs counsel did not. The motion to reopen was denied with prejudice. See Transcript dated September 14, 1998.
Thereafter, the motion to reopen was scheduled for short calendar on November 2, 1998 but neither attorney appeared. (See Transcript dated November 2, 1998).
Thereafter the motion to reopen was scheduled for short calender on February 8, 1999, but neither attorney appeared.
Thereafter the motion to reopen was scheduled for short calendar on March 8, 1999. Both attorneys appeared. The court deferred decision until April 12, 1999 and ordered the plaintiff to strictly comply with all discovery by April 12, 1999.
Again, this case was scheduled for oral argument at short calendar on August 23, 1999. Both counsel appeared. The court learned that plaintiffs attorney had not strictly complied with discovery and there are many outstanding discovery items. Further a witness to the alleged "slip and fall" has died to the prejudice of the defendant.
The court concludes that the plaintiff has demonstrated a profound lack of diligence to the prejudice of the defendant and fails to show good reason why the motion to reopen should be granted.
Thus, once again, the plaintiffs motion to reopen is denied with prejudice.
John W. Moran, Judge.